IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| DION BENSON, | ) |
| | ) |
| Plaintiff | ) CASE NUMBER: 1:18-CV-00348-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| SGT. LEHNHARDT, | ) |
| | ) ORDER ON MOTION IN LIMINE |
| Defendant | ) ECF NO. 95 |
| | ) |

Pending before the Court is a motion in limine filed by the Defendant Sgt. Lehnhardt. ECF No. 95. Lehnhardt argues that the Plaintiff, Dion Benson, should be precluded from introducing a report authored by Department of Corrections Lieutenant Timothy Steed ("the Steed Report") in which Steed concludes that the Defendant violated departmental policies in responding with force during the incident under review in this litigation. For the reasons discussed below, the motion is **GRANTED in part** and **DENIED in part**.

I.  Background

By way of brief background, Benson claims that Lehnhardt used excessive force against him in violation of his Eighth Amendment rights. The incident at issue occurred on November 2, 2016. As alleged in the Complaint, Benson was standing near his counselor's office when Lehnhardt, a sergeant assigned to F-Unit inmate housing, without provocation, sprayed him in the face, neck, nose, and back with oleoresin capsicum spray ("OC spray"). See ECF No. 4, ¶ 12; ECF No. 26, p. 1 (citing Complaint). After that incident, Benson claims he required medical

1

treatment. *Id.*, ¶ 26. He argues the use of OC spray was unwarranted, violated DOC policies and procedures, and his rights as guaranteed by the Eighth Amendment to the Constitution.[1] *Id.*, ¶ 27.

The Steed Report includes several findings critical of Lehnhardt's treatment of Benson on November 2, 2016. These findings include that 1) Lehnhardt "failed to provide for the intelligent, humane, or impartial treatment of inmate Benson when he deployed OC," 2) Lehnhardt "failed to use the minimum amount of force necessary to gain compliance" and his use of OC stray was excessive because "there was no need to defend himself or others from serious injury," and 3) Lehnhardt "did not conduct himself in a professional or proper manner when he deployed OC on an inmate when there was no harmful or destructive behavior present."[2] ECF No. 97-1, p. 9. The Steed Report also recounts information gathered through several interviews of witnesses, including Lehnhardt. Lehnhardt's motion in limine seeks the exclusion of the entire Steed Report. *See* ECF No. 96. Benson asserts that the Steed Report is admissible for limited purposes and to the extent it includes admissions by Lehnhardt. *See* ECF No. 97.

---

[1] In addition to Lehnhardt, Benson originally sued John Wetzel, the former Secretary of the Department of Corrections, M.D. Overmyer, the Superintendent of SCI-Forest, and Captain Carter, a security captain at SCI-Forest, but the claims against Wetzel, Overmyer, and Carter were later dismissed. ECF No. 26, p. 2, 12.

[2] Steed's report also concluded that Benson was not aggressive or combative toward Lehnhardt and did not pose an immediate threat to staff; a lesser degree of force should have been used; Lehnhardt did not adhere to the "force continuum" in deploying OC spray; Lehnhardt failed to inform the appropriate chain of command; other methods of control were available besides OC spray; Lehnhardt had "no reasonable belief" that the situation required an immediate escalation of force; and there was no immediate need to maintain or regain control of Benson at the time of the incident. ECF No., 97-1, pp. 10-11.

II.     Standard of Decision for Motions in Limine

A motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012). A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 WL 3573663, at *3, 2019 U.S. Dist. LEXIS 131234, at *7 (W.D. Pa. Aug. 6, 2019) (internal citation omitted). *See also Walsh v. Fusion Japanese Steakhouse, Inc.*, 2022 WL 395253, at *2 (W.D. Pa. Feb. 9, 2022).

III.    Discussion

   A. The findings of the Steed Report that Lehnhardt violated DOC use of force policies are inadmissible as evidence of violation of Benson's Eighth Amendment rights.

Lehnhardt argues that the Steed Report is inadmissible because his failure to follow internal DOC policies and procedures, as stated in the report, is not evidence of a constitutional violation. *See* ECF No. 96, p. 2. He reasons that because the information contained in the Steed Report does not inform the determination whether he violated Benson's rights under the Eighth Amendment, the Steed Report's conclusions are irrelevant. *See* ECF No. 96, p. 2 (citing Federal Rules of Evidence 401 and 402). Lehnhardt further argues that even if the Steed Report was relevant to the constitutional question, its probative value is outweighed by the Report's prejudicial effect under Federal Rule of Evidence 403. *Id.* Benson responds that the Steed

3

Report would not be admitted to prove a constitutional violation, but instead to challenge Lehnhardt's contention that the has no memory of the events at issue. Benson also argues that the Steed Report may be admitted to the extent it contains admissions made to Steed by Lehnhardt. Having considered these arguments, the Court rules as follows.

The Steed Report is inadmissible to the extent offered as evidence that Lehnhardt violated DOC policy. Steed's conclusion that Lehnhardt violated departmental policy is of limited probative value on Benson's remaining claim. As this Court has held, "the policies of the Department of Corrections and the Eighth Amendment are not the same, and as such, conclusions drawn by whatever body adjudicated Defendants' culpability with regard to their involvement in ... the incident do little more than obscure the issues." *Delker v. Blaker*, 2012 WL 726415, at *6 (W.D. Pa. Mar. 1, 2012). Thus, the Steed Report's findings that Lehnhardt violated DOC policy when he used OC spray against Benson are not relevant to whether Lehnhardt violated Benson's constitutional rights. Accordingly, the motion in limine is granted as to findings of violation of DOC policy and resulting discipline against Lehnhardt. *See, e.g., Hankins v. Wolf*, 2016 WL 3087677, at *2 (W.D. Pa. June 6, 2016).

> B. If Lehnhardt offers evidence or argument that he complied with DOC policy, the Steed Report may be used for impeachment purposes, and, in any event, admissions by Lehnhardt memorialized in the report are admissible upon a proper foundation.

This ruling above is subject to two important qualifications. First, should Lehnhardt offer evidence or argue that he acted in accordance with DOC policy, he will have opened the door to the use of the Steed Report for impeachment purposes. *See Delker*, 2012 WL 726415, at *6 (probative value of the DOC's finding that Defendant ... had violated policy with respect to his use of force on Plaintiff dramatically increases when it is used as to impeach" the Defendant's assertion that his use of force complied with DOC policy); *Sherwin-Williams Co. v. PPG Indus.,*

4

*Inc.*, 2021 WL 1110568, at *9 (W.D. Pa. Mar. 23, 2021) (use of evidence for limited purpose of impeachment permitted).

Second, although the Steed Report's findings and conclusions regarding DOC policy violations and resulting discipline are inadmissible (unless Lehnhardt asserts compliance with such policies), Benson may nevertheless offer those portions of the Steed Report that constitute admissions by Lehnhardt during Steed's investigation, provided he lays a proper foundation for their admission. *See, e.g., AEL Indus., Inc. v. Alvarez*, 1989 WL 97394, at *8 (E.D. Pa. Aug. 17, 1989). As Benson points out, during his deposition, Lehnhardt testified that he could not recall many of the events surrounding his use of OC spray on the date in question. For example, Lehnhardt testified that he could not remember the incident itself or his interview with Lt. Steed or his drafting of a written statement after the incident. *See* ECF No. 97-3, p. 7. To the extent the Steed Report contains admissions from Lehnhardt to the contrary, they would be admissible as such. *See AEL Indus.*, 1989 WL 97394, at *8 (denying motion in limine and ruling that recorded admission may be admitted if witness is unable to recall information). Accordingly, the motion in limine is denied to the extent it requests exclusion of those portions of the Steed Report that memorialize admissions by Lehnhardt.

IV.   Conclusion

It is hereby **ORDERED** that Defendant's Motion in Limine (ECF No. 95) is **GRANTED in PART and DENIED in part**, as set forth above.

DATED this 16th day of August, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE